IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE KERYX BIOPHARMACEUTICALS, INC. | Civil Action No. 18-1589-CFC |

# MEMORANDUM

Lead Plaintiffs Abraham Kiswani and John Andreula filed this putative class action on behalf of themselves and all other public stockholders of Keryx Biopharmaceuticals, Inc. against Keryx Biopharmaceuticals, Inc. (Keryx) and the members of Keryx's board of directors. This case is a consolidation of three related actions: *Corwin v. Keryx Biopharmaceuticals, Inc.*, 18-cv-1589-CFC; *Van Hulst v. Keryx Biopharmaceuticals, Inc.*, 18-cv-1656-CFC; and *Andreula v. Keryx Biopharmaceuticals, Inc.*, 18-cv-1721-CFC. *See* D.I. 13. The case arises out of the vote by Keryx stockholders in December 2018 to merge Keryx into a subsidiary of Akebia Therapeutics, Inc., leaving Akebia as the surviving parent entity.

Plaintiffs allege in their Second Amended Complaint that an October 2018 Schedule 14A Definitive Proxy Statement (the Proxy) issued by Keryx and Akebia to gain stockholder approval for the merger contained material misleading statements and omissions. Plaintiffs allege that as a result of those misleading

statements and omissions Defendants violated § 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(a), and U.S. Securities and Exchange Commission (SEC) Rule 14a-9, 17 C.F.R. § 240.14a-9, and that the individual defendants are also liable as "controlling persons" under § 20(a) of the Exchange Act, 15 U.S.C. § 78t(a). D.I. 37 ¶¶ 1, 96, 100, 103, 107.

Pending before me is Defendants' motion to dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). D.I. 40. I dismissed the Amended Complaint on April 15, 2020. D.I. 27. I incorporate by reference the Memorandum Opinion I issued to explain the reasons for that ruling. *In re Keryx Biopharmaceuticals, Inc.*, 454 F. Supp. 3d 407 (D. Del. 2020), *appeal dismissed*, No. 20-2019, 2020 WL 6737436 (3d Cir. Aug. 5, 2020). The background facts and applicable legal standards are set forth in that Memorandum Opinion; and, as I write only for the parties, I will not repeat those facts and standards here.

Plaintiffs allege in the Second Amended Complaint that the Proxy "contained" three materially false and/or misleading statements:

> (i) That "***Keryx management . . . [was] not aware of any material relevant developments or matters related to Keryx or Akebia or that may affect the***

2

        *Merger that were omitted or that remained undisclosed to MTS Securities*" at the time MTS arrived at its Fairness Opinion on June 27, 2018;

(ii) That "*with the consent of the Keryx Board and based upon discussions with Keryx management*" Keryx management's projections for Akebia utilized by MTS for the financial analyses underlying its Fairness Opinion "*reflected the best currently available estimates and judgments of Keryx management . . . regarding the future results of operations and financial performance of . . . Akebia*"; and

(iii) That the Merger Agreement and the Merger "are advisable and in the best interests of Keryx and its shareholders" and "are advisable, fair to, and in the best interests of Keryx and its shareholders."

D.I. 37 ¶ 9 (citations omitted) (emphasis and ellipses in original). Plaintiffs allege that these alleged statements are false or misleading because "(i) Keryx management was aware of material relevant developments or matters related to Akebia that may affect the Merger and that were omitted or remained undisclosed to MTS; (ii) Keryx management did not believe that its projections regarding the future results of operations and financial performance of Akebia[] reflected its best currently available estimates and judgments; and (iii) Defendants knew that the Merger was not in fact 'fair' to the Company's stockholders." D.I. 37 ¶ 10.

3

The first statement that Plaintiffs allege was contained in the Proxy was in fact *not* contained in the Proxy. The words "at the time MTS arrived at its Fairness Opinion on June 27, 2018" are not in the Proxy. I agree with Plaintiffs, however, that the Proxy implied (and a reasonable stockholder reading the Proxy would have inferred) that Keryx management had assured MTS as of the date MTS provided its fairness opinion (i.e., June 27, 2018) that management "was not aware of any material relevant developments or matters related to Keryx or Akebia or that may affect the Merger that were omitted or that remained undisclosed to MTS Securities." I make that conclusion based on the following sentence in the Proxy, which contains *part* of Plaintiffs' first alleged misleading statement:

> In arriving at its opinion, *MTS Securities assumed and relied upon*, without assuming liability or responsibility for independent verification, the accuracy and completeness of all of the financial, legal, regulatory, tax, accounting and other information that was publicly available or was provided to, discussed with or reviewed by MTS Securities and upon *the assurances of Keryx management that they were not aware of any material relevant developments or matters related to Keryx or Akebia or that may affect the Merger that were omitted or that remained undisclosed to MTS Securities.*

Proxy at 96 (emphasis added). Nothing in the Proxy states or suggests that MTS was wrong to make this assumption or that Keryx management had not given these

4

assurances. And since Keryx disclosed MTS's opinion in the Proxy, the quoted sentence at the very least implies that Keryx management provided the described assurances.

Plaintiffs, however, have not identified in their briefing any factual allegation in the Second Amended Complaint from which it could be plausibly inferred that Keryx's management did not disclose to MTS as of June 27, 2018 a material development or matter that was related to Keryx or Akebia or that might have affected the Merger. The conclusory assertion in paragraph 10 of the Second Amended Complaint that Keryx management "was aware of material relevant developments or matters related to Akebia that may affect the Merger and that were omitted or remained undisclosed to MTS" is insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim.). Accordingly, Plaintiffs have not plausibly alleged that the challenged statement was false or misleading and the statement cannot serve as a basis for a claim under §§ 14(a) or 20(a).

Plaintiffs seem to suggest that the alleged undisclosed "material relevant development[] or matter[]" was that Keryx management believed as of June 27,

5

2018 that the financial projections it had prepared and provided to MTS in May 2018 were "stale" and did not reflect as of June 27, 2018 Keryx management's "best currently available estimates and judgments." D.I. 37 ¶¶ 9, 13. Plaintiffs made this same argument in opposition to Defendants' motion to dismiss the Amended Complaint. And I rejected that argument for the reasons stated in the original Memorandum Opinion. As I noted there, the Proxy "explicitly stated that the Projections 'were based on estimates, assumptions and judgments made by Keryx management at the respective times of their preparation and speak only as of such times' and that Keryx 'ha[d] not [updated the Projections] and d[id] not intend to do so.'" 454 F. Supp. 3d at 413 (quoting Proxy at 91) (alterations in original). The Proxy disclosed that Keryx management's Projections were prepared before May 30, 2018, and thus a reasonable stockholder would not have inferred from the Proxy that the Projections reflected the best available estimates and judgments of Keryx management as of June 27, 2018.

I also find that even if the challenged statement were deemed to be misleading it would not be material. A false or misleading statement or omission is material "if there is a substantial likelihood that a reasonable shareholder would consider it important in deciding how to vote" or "that the disclosure . . . would

6

have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available." *TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 449 (1976). The Proxy disclosed that new information about vadadustat caused Akebia to update its guidance and projections. Proxy at 77–79. The Proxy also disclosed Akebia's updated projections, Proxy at 110, and Plaintiffs are correct that Akebia's updated projections differed "significant[ly]" from Keryx's projections, D.I. 37 ¶ 78. Lastly, the Proxy disclosed that MTS "assumed, with [Keryx's] consent and based upon discussions with [Keryx's] management *and [Akebia's] management*, that . . . [Keryx's] Projections *and [Akebia's] Projections* . . . reflect the best currently available estimates and judgments of the management of [Keryx] *and the management of [Akebia]*." Proxy, Annex B at 2 (emphasis added). Since MTS relied upon Akebia's updated projections and had discussed those projections with Akebia before rendering its fairness opinion, a reasonable stockholder would have deemed unimportant any failure by Keryx's management to disclose to MTS that the May 2018 projections were stale and no longer reflected its best estimate. Stated differently, a disclosure by Keryx in the Proxy that its management had not told MTS before June 27, 2018 that its May 2018 projections were stale and not its best estimate as of June 27, 2018 would not have

7

"significantly altered the 'total mix' of information made available." *TSC Indus.*, 426 U.S. at 449. Accordingly, even if misleading, the challenged statement was not material.

Plaintiffs' second alleged misleading statement was also alleged in the Amended Complaint. *See* D.I. 14 ¶¶ 71–75. For the reasons set forth in the original Memorandum Opinion, that statement does not give rise to a cognizable claim for relief under §§ 14(a) or 20(a).

Finally, Plaintiffs' third alleged misleading statement—namely, that the Merger Agreement and the Merger were fair and in the best interests of Keryx stockholders—is not actionable under §§ 14(a) or 20(a) because Plaintiffs have not alleged facts from which it can be plausibly inferred that Keryx management did not believe the merger was fair and in the best interests of Keryx stockholders. The conclusory assertion in paragraph 10 of the Second Amended Complaint that Defendants "knew that the Merger was not in fact 'fair' to the Company's stockholders" is insufficient to state a claim. *Iqbal*, 556 U.S. at 678.

Accordingly, for the reasons just discussed, Plaintiffs' Second Amended Complaint fails to state claims under §§ 14(a) and 20(a), and I will therefore grant Defendants' motion to dismiss.

The Court will issue an Order consistent with this Memorandum Opinion.

Date: 4.1.21

_____
UNITED STATES DISTRICT JUDGE